IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ISIDRA ORTIZ LEBRON,**<br>**ANGEL GONZALEZ GONZALEZ,**<br>as heirs to **ORLANDO GONZALEZ**<br>**ORTIZ** and on their own behalf, **ANGEL**<br>**GONZALEZ ORTIZ,** as the brother of<br>**ORLANDO GONZALEZ ORTIZ**<br><br>       Plaintiffs<br><br>       v.<br><br>**THE UNITED STATES OF AMERICA,** acting<br>through **JARED HEWITT, JANE DOE** and their<br>Conjugal partnership; et al<br><br>       Defendants | CIV.NUM.10-1513 (JP)<br><br><br><br><br><br>Re: Federal Tort Claims Act<br>    Wrongful Death, Civil<br>    Rights Violations<br><br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

-----------------------------------------------------------------

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COME NOW** Plaintiffs Angel Gonzalez Gonzalez, Isidra Ortiz Lebron and their conjugal partnership, and Angel Gonzalez Ortiz through their undersigned attorneys, and respectfully **ALLEGE** and **PRAY** as follows:

**I.    JURISDICTION**

   1.    This suit is brought and jurisdiction lies pursuant to the Civil Rights Act 42 U.S.C. 1983, and the Federal Tort Claims Act 28 U.S.C. 1346(b), as amended, and 28 U.S.C. 1331 and 1343.  This Honorable Court's jurisdiction over state law claims is invoked pursuant to the doctrine of pendent or supplemental jurisdiction.

   2.    The following local laws are invoked: Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. 5141 and 5142.

   3.    Plaintiffs have satisfied all of the procedural and administrative requirements

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

set forth in the Federal Tort Claims Act prior to the filing of this action.

4. The proper venue for this case lies in this Court as parts of the cause of action took place in Puerto Rico. All the violations alleged herein were committed within Puerto Rico.

## II. **PARTIES**

5. Plaintiffs Isidra Ortiz Lebron Angel Gonzalez Gonzalez,are of legal age, United States citizens, single, and residents of Lares and Maunabo, Puerto Rico, respectively. At all times relevant to the instant Complaint, plaintiffs were individuals protected by the laws invoked in this Complaint. Mr. Gonzalez and Mrs. Ortiz are the parents of the deceased Orlando Gonzalez Ortiz.

6. Plaintiff Angel Gonzalez Ortiz is of legal age, a United States citizen, single and a resident of Yabucoa, Puerto Rico. At all times relevant to the instant Complaint, plaintiff Gonzalez Ortiz was an individual protected by the laws invoked in this Complaint. Mr. Gonzalez Ortiz is the brother of the deceased Orlando Gonzalez Ortiz.

7. Defendant, United States of America is sued pursuant to its waiver of sovereign immunity in the Federal Tort Claims Act and the Civil Rights Act. In this instance, the United States of America acted through Jared Hewitt, and FBI who acted with gross negligence under color of federal law and wrongfully caused Orlando Gonzalez Ortiz's death.

8. Defendants Insurance Company ABC and Corporation DEF are corporate entities, unknown at the present time, who may be liable to plaintiffs for the allegations set

2

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

forth in this Complaint.

### III.    FACTS

9.  Orlando Gonzalez Ortiz began to work with the Puerto Rico Police Department Bank Robbery Division in approximately 2005.

10. The Puerto Rico Police Department Bank Robbery Division handles kidnappings as well as bank robberies, and almost always works with the Federal Bureau of Investigation on its cases.

11. On August 7, 2008, Orlando Gonzalez Ortiz, and his partner and fellow police officer, Carlos Gonzalez, were working on two kidnapping cases.

12. In the early evening Orlando and his partner received instructions to go to the Laguna Gardens parking lot to wait for the money drop and attempt to apprehend the kidnappers.

13. As they waited, Gonzalez exited the Puerto Rico Police vehicle to use the restroom; he walked by the FBI officers, who were also waiting in the area, and greeted them.

14. Orlando was wearing his complete Puerto Rico Police Department uniform, which identified him front and back with the word "Policia".

15. While federal and Puerto Rico officers waited, they communicated with each other, and listened to communications on the FBI radio.

16. Close to midnight, the operation started.

17. The FBI vehicles began to move, and the suspects' car slammed into them.

3

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

18. Orlando and his partner got out of their car near a street light; both of them looking around.

19. FBI Agent Hewitt came toward Orlando, and, when Hewitt was about ten feet away from Orlando, Hewitt pointed his gun at Orlando and shot him.

20. Agent Carlos Gonzalez shouted at Agent Hewitt not to shoot at Orlando Gonzalez because he was a "friend" in police terminology.

21. Other FBI agents also yelled at Agent Hewitt not to shoot at Agent Orlando Gonzalez because he was a "friend."

22. Despite all pleas and warnings, Agent Hewitt then shot a second volley of bullets at Agent Orlando Gonzalez.

23. Someone from the SWAT team threw a flash band, which temporarily blinds people who are near it.

24. The flash band blinded Agent Carlos Gonzalez, but he kept yelling at FBI Agent Hewitt, "don't shoot, don't shoot; he's a friend"

25. Agent Carlos Gonzalez, fearing for his own life as well, yelled at the other officers present that he also was a cop and that he was going to see what had happened to Agent Orlando Gonzalez.

26. Agent Carlos Gonzalez approached Agent Orlando Gonzalez, and he could hear Orlando's lungs rasping, gasping for air.

27. Another officer called an ambulance, which arrived very quickly.

28. Agent Carlos Gonzalez saw the gun which had been shot by Hewitt, but not

4

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

its magazine. He asked where the magazine was, but no one answered.

29. The EMS technician in the ambulance handed Orlando Gonzalez's bloody vest to Carlos Gonzalez.

30. Agent Carlos Gonzalez turned over the bloody vest and the gun to Puerto Rico Police Sergeant Jose Cruz.

31. Agent Carlos Gonzalez rode in the ambulance with Agent Orlando Gonzalez to the hospital, where the attending physician declared Agent Orlando Gonzalez Ortiz dead on arrival.

32. Agent Carlos Gonzalez returned to the scene, which the FBI had cordoned off.

33. No one from the FBI wanted to hear what Agent Carlos Gonzalez saw that night.

34. Sergeant Cruz gave Agent Carlos Gonzalez a receipt for the vest and the gun that had been fired.

35. The gun's magazine was still missing.

36. The area where FBI Agent Hewitt shot Agent Orlando Gonzalez Ortiz was well lit, and Agent Gonzalez Ortiz was well identified as a Puerto Rico police officer.

37. Four days after Agent Orlando Gonzalez Ortiz's death, Puerto Rico officer Javier Rodriguez informed Agent Carlos Gonzalez that they had found the magazine to FBI Agent Hewitt's gun.

38. Plaintiffs were shocked to learn of Orlando Gonzalez's death. He was a

5

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

conscientious and decent man, whose death hurt the whole family deeply.

39. Mrs. Ortiz suffered heart problems as a result of her son's death, and both she and Orlando's father, co-plaintiff Angel Gonzalez, are inconsolable.

40. Co-plaintiff Angel Gonzalez Ortiz is also devastated by his brother's death.

41. Initially, the FBI described the decedent, Agent Orlando Gonzalez Ortiz, as a hero, fallen in the line of duty and honored him posthumously.

42. As time passed, the FBI stopped responding to the Gonzalez Ortiz family's requests for information.

43. In July 2009, the Gonzalez Ortiz family notified the United States government of their intention to seek compensation pursuant to the Federal Tort Claims Act.

44. In August 2009, the Puerto Rico government filed criminal charges against Agent Hewitt for criminally negligent homicide.

45. On August 17, 2009, the United States government removed the state criminal charges against Agent Hewitt to this Federal District Court.

46. In November 2009, the FBI decided not to bring federal criminal charges against Agent Hewitt.

47. More than six months have passed, and no final disposition has been made by the Federal Bureau of Investigation as to the Gonzalez Ortiz's civil claims against the United States, pursuant to the Federal Tort Claims Act.

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

## FIRST CAUSE OF ACTION

## FEDERAL TORT CLAIMS ACT

48. The preceding paragraphs are realleged as if fully set forth herein.

49. As a result of the United States's negligence committed by Agent Jared Hewitt, Agent Orlando Gonzalez Ortiz's mother, father, and brother have suffered pecuniary loss, mental anguish, emotional pain and suffering, and loss of society, due to Agent Hewitt's gross negligence and bad faith, which caused their son's suffering and subsequent death in breach of the Federal Tort Claims Act.

50. The stress related to the mental anguish Mrs. Ortiz suffered triggered heart disease.

51. Angel Gonzalez Ortiz, Agent Orlando Gonzalez Ortiz's brother, suffered mental anguish  emotional pain and suffering, and loss of society, due to Agent Hewitt's negligence, which caused his brother's death.

52. The damages caused by Agent Gonzalez Ortiz's death to his family due to the United States's negligence exceed one million dollars.

## SECOND CAUSE OF ACTION

## 42 U.S.C. 1983

53. The preceding paragraphs are realleged as if fully set forth herein.

54. Defendants also breached Police Officer Orlando Gonzalez's civil rights and caused Orlando Gonzalez severe suffering and death, which caused suffering to Police Officer Gonzalez's family, in particular, plaintiffs in this action.  These damages exceed

7

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

one million dollars.

## ARTICLES 1802, 1803 DAMAGES SUFFERED BY ORLANDO GONZALEZ ORTIZ AND INHERITED BY HIS PARENTS

55. The preceding paragraphs are realleged as if fully set forth herein.

56. Angel Gonzalez González and Isidra Ortiz Lebrón inherit their son Orlando González Ortiz's cause of action for the suffering he experienced before dying at the hands of Agent Jared Hewitt, due to Agent Hewitt's simple or gross negligence in failing to see Agent Orlando González's police identification, despite its being highly visible due its placement on his uniform and the well lit area where the events occurred.

57. By shooting a second volley of shots at Agent Orlando Gonzalez Ortiz, Agent Jared Hewitt further increased the likelihood that Agent Gonzalez Ortiz would not survive his initial bullet wounds.

58. Agent Hewitt's actions were sufficient to lead a Judge to determine that probable cause existed to believe that those actions constituted criminally negligent homicide, which requires a degree of intent, which could be criminal recklessness.

59. The value of the claims Mr. Gonzalez Ortiz's parents inherited and the claims of his brother, mother, and father in their own right exceeds the amount of one million dollars.

## TRIAL BY JURY

60. Plaintiffs demand a trial by jury.

**WHEREFORE**, in view of the foregoing, plaintiffs respectfully request that this Honorable Court find that Jared Hewitt acted either in bad faith or

8

ISIDRA ORTIZ LEBRON et als v. THE UNITED STATES OF AMERICA

negligently and thus the United States is liable to his parents as his heirs in an amount of no less than one million dollars for his suffering before his death and to his family for the damages caused to them in an amount of not less than one million dollars due to Agent Hewitt's bad faith and gross negligence, which caused the death of Orlando Gonzalez Ortiz and order that the United States pay reasonable attorneys' fees and costs.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 8th   day of June 2010.

**LAW OFFICES OF**
**JANE BECKER WHITAKER**
PO Box 9023914
San Juan, PR  00902-3914
Tel. (787) 754-9191
Fax  (787) 764-3101


S/JANE BECKER-WHITAKER
**JANE BECKER-WHITAKER**
USDCPR Bar Number 205110

AND

**BENNAZAR, ROBLES, GARCÍA & MILIÁN, CSP**
P.O. Box 194000, Núm. 212
San Juan, Puerto Rico 00919-4000
TEL.   (787) 754-9191
FAX    (787) 764-3101

S/A.J. BENNAZAR-ZEQUEIRA
**A.J. BENNAZAR-ZEQUEIRA**
USDC-PR 120907