IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISIDRA ORTIZ-LEBRÓN,<br><br>    Plaintiffs<br><br>    v.<br><br>UNITED STATED OF AMERICA, et al.,<br><br>    Defendants | CIVIL NO. 10-1513 (JP) |

**OPINION AND ORDER**

Before the Court are Defendant United States of America's ("USA") partial motion to dismiss (**No. 22**), and Defendant Jared Hewitt's ("Hewitt") motion to dismiss (**No. 23**) the complaint against him.  Said motions are unopposed.  Plaintiffs brought the instant action alleging violations of the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), and 42 U.S.C. § 1983.  Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6).  For the reasons stated herein, Defendants' motions to dismiss are hereby **GRANTED**.

**I.   FACTUAL ALLEGATIONS**

Orlando González-Ortiz ("González-Ortiz") worked with the Puerto Rico Police Department Bank Robbery Division ("Bank Robbery Division") since approximately 2005.  In addition to bank robberies,

CIVIL NO. 10-1513 (JP)          -2-

the Bank Robbery Division handles kidnapings and regularly works with the Federal Bureau of Investigation ("FBI") on its cases.

Plaintiffs allege that, on August 7, 2008, González-Ortiz, and his partner, Carlos González, were working on two kidnaping cases. In the early evening of said date, González-Ortiz and his partner were instructed to go to the Laguna Gardens parking lot in order to wait for a money drop and to attempt to apprehend the kidnapers. While waiting, González-Ortiz allegedly exited the Puerto Rico Police Department vehicle to use the restroom.  As he walked to the restroom, González-Ortiz walked by and greeted the FBI officers who were also waiting in the area. Plaintiffs allege that González-Ortiz was wearing his Puerto Rico Police Department uniform which identified him with the word "Policía" in the front and back. The FBI officers and Puerto Rico officers communicated with each other and listened to communications on the FBI radio.

The operation started close to midnight. The suspects' car hit the FBI vehicles as the FBI vehicles began to move. Plaintiffs allege that González-Ortiz and his partner exited their car near a street light. FBI Agent Hewitt went towards González-Ortiz and, when Hewitt was about ten feet from González-Ortiz, Defendant Hewitt allegedly aimed his gun at and shot González-Ortiz. Plaintiffs allege that Carlos González and some FBI Agents yelled at Defendant Hewitt not to shoot González-Ortiz because he was a "friend." Even

CIVIL NO. 10-1513 (JP)          -3-

after the warnings, Hewitt allegedly continued shooting at González-Ortiz.

Also, Plaintiffs allege that someone on the SWAT team threw a flash band. Said flash band temporarily blinded Carlos González, but he allegedly continued to yell at Agent Hewitt not to shoot González-Ortiz. Plaintiffs state that the area where Hewitt shot González-Ortiz was well lit. After Carlos González finally reached González-Ortiz, another officer called an ambulance. Carlos González turned over the bloody vest and the gun used by Hewitt to Puerto Rico Police Sergeant José Cruz. Plaintiffs allege that Carlos González rode in the ambulance with González-Ortiz to the hospital where González-Ortiz was declared dead on arrival. Plaintiffs allege that they have suffered damages as a result of González-Ortiz's death.

## II.   LEGAL STANDARD FOR RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003). The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105,

CIVIL NO. 10-1513 (JP)          -4-

107 (D.P.R. 2002).  A court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992); <u>see also</u> <u>Torres Maysonet</u>, 229 F. Supp. 2d at 107.

### III. **ANALYSIS**

Defendants argue that: (1) the FTCA claims against Defendant Hewitt should be dismissed because only the USA can be sued under said statute; (2) the 42 U.S.C. § 1983 ("Section 1983") claims against Defendant Hewitt should be dismissed because he did not act under color of state law; and (3) the Section 1983 claims against Defendant USA should be dismissed because the USA has not waived its sovereign immunity with regard to Section 1983.  The Court will now consider the Defendants' arguments.

#### A. **FTCA**

The USA, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued.  <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction[]"); <u>see also</u>, <u>Barrett v. United States</u>, 462 F.3d 28, 36 (1st Cir. 2006).  The FTCA serves as a waiver of the USA's sovereign immunity for tort claims "and provides the exclusive remedy to compensate for a federal employee's tortious acts

CIVIL NO. 10-1513 (JP)          -5-

committed within his or her scope of employment." Román v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).

In the instant case, Plaintiffs bring FTCA claims against Defendant Hewitt. However, under the FTCA, the USA is the only proper Defendant. E.g. McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006); Avilés-Díaz v. United States, 194 F. Supp. 2d 85, 86 (D.P.R. 2002). As such, Plaintiffs' FTCA claims against Defendant Hewitt fail.

### B.   Section 1983

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'" Rockwell v. Cape Cod Hospital, 26 F.3d 254, 256 (1st Cir. 1994) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)). To state a claim under Section 1983, Plaintiffs must make two showings: the existence of a federal or statutory right; and a deprivation of that right by a person acting under color of state law. See id. (citing Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993)).

#### 1.   Defendant Hewitt

Defendants argue that the Section 1983 claim against Hewitt should be dismissed because Plaintiffs failed to alleged sufficient facts to support their Section 1983 claim.

CIVIL NO. 10-1513 (JP)        -6-

After considering the argument, the Court agrees with Defendants. To properly plead a Section 1983 cause of action, Plaintiffs must allege that Defendant Hewitt acted under color of state law. Id.

In the instant case, Plaintiffs did not allege that Defendant Hewitt acted under color of state law, but instead affirmatively alleged that Defendant Hewitt acted under color of federal law. Said allegation is fatal to Plaintiffs' Section 1983 claim. E.g. Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001) (stating that Section 1983 cannot form the basis for an action against an individual who acted under color of federal law); Chatman v. Hernández, 805 F.2d 453, 455 (1st Cir. 1986) (finding that "Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law[,]" and that Plaintiff's claim under Section 1983 failed because Plaintiff alleged that "his constitutional rights were violated by the actions of federal officials acting under federal law[]"). Accordingly, Plaintiffs have failed to state a cause of action for their Section 1983 claim against Defendant Hewitt.[1]

---

1.  The Court notes that Plaintiffs Section 1983 claims would fail even if what Plaintiffs alleged in the complaint was a Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), suit. The statute of limitations for a Bivens suit is one year. Pitts v. United States, 109 F.3d 832, 833-34 (1st Cir. 1997). Since the alleged constitutional violation occurred in August 2008, the statute of limitations expired on August 2009. However, Plaintiffs did not file their complaint until June 8, 2010. As such, Plaintiffs' Bivens action would be time-barred.

CIVIL NO. 10-1513 (JP)    -7-

### 2. Defendant USA

The United States is immune from suit unless it waives its immunity by consenting to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Plaintiffs bear the burden of establishing that there is a waiver of sovereign immunity. Hanley v. U.S., 1994 WL 723678, *2 (1st Cir. Oct. 5, 1994); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

Defendants argue that Plaintiffs cannot meet their burden of showing that the USA has waived sovereign immunity with regard to the Section 1983 actions. In their complaint, Plaintiffs state, without providing any support, that the Civil Rights Act contains a waiver of sovereign immunity. Contrary to Plaintiffs' contention, the Court determines that Section 1983 does not supply the necessary waiver to find that the USA waived its sovereign immunity. See In re Haggert, 1992 WL 379414, *2 (1st Cir. Dec. 22, 1992) ("[t]he government enjoys sovereign immunity against Haggert's claim, since [Section] 1983 does not provide for any waiver of that immunity[]"); Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). Accordingly, the Court finds that Plaintiffs' Section 1983 claims against the USA fail.

### IV. CONCLUSION

Thus, the Court grants Defendants' motions requesting dismissal of: (1) Plaintiffs' claims against Defendant Hewitt; and

CIVIL NO. 10-1513 (JP)         -8-

(2) Plaintiffs' Section 1983 claims against Defendant USA. A separate Judgment will be entered accordingly. Still pending before the Court are Plaintiffs' FTCA claims against Defendant USA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of February, 2011.

                                    s/José Antonio Fusté
                                    JOSÉ ANTONIO FUSTÉ
                                 CHIEF U.S. DISTRICT JUDGE